WILLIE AGUIRRE V. STATE

No. 27,237.  December 8, 1954

*E. A. Blair*, Lubbock, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of beer in a dry area, a prior conviction for a like offense being alleged for the purpose of obtaining an enhanced punishment; the punishment, 120 days in jail and a fine of $300.

D. L. Young, a police officer of the city of Lubbock, while patrolling alone, observed appellant standing at the rear of a car, the trunk lid of which was open. A small boy was standing at the side of the car, and Officer Young saw him pull a box out of the car and set it down. As the officer drove up appellant shut the trunk lid of the car, and as he stopped, the small boy opened the box he had removed from the car, pulled therefrom a bottle which he broke across the front bumper of the car and ran off.

At that time appellant went around the car, grabbed a bottle from the box and broke it across the car bumper. He had another bottle in his hand which Officer Young took from him and replaced in the box.

The box proved to be a carton originally containing 12 quart bottles of Schlitz beer, 9 quarts of which remained in the box

in addition to the one taken from appellant's hand and the two which were broken as the officer arrived.

In reply to the inquiry of the police officer, appellant said that the beer belonged to him.

The prior conviction alleged was established and it was stipulated that the area was dry.

We find the evidence sufficient to sustain the conviction.

In addition to his attack upon the sufficiency of the evidence, appellant in his brief complains of the admission of the statement of appellant to the effect that the beer belonged to him.

The informal bill of exception relied upon is not indexed in the statement of facts and cannot be considered. Also, testimony to the same effect was offered without objection at a later time in the trial.

The judgment is affirmed.